# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY BURTON, | ) |
| Petitioner, | ) |
| v. | ) No. CIV 15-271-FHS-KEW |
| BRACE AND LIMB, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at the Alfred D. Hughes Unit in Gatesville, Texas, alleges he needs medical equipment for his foot problems. For the reasons set forth below, the court finds this action must be dismissed without prejudice.

Petitioner is requesting relief in the form of medical boots for his hammer toes and foot deformities, claiming he previously had been given this medical equipment. [H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Petitioner's request for relief does not constitute a habeas claim, but it potentially could be the subject of a civil rights action pursuant to 42 U.S.C. § 1983.[1] It is,

---

[1] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action

however, unclear whether "Brace and Limb" acted under color of state law, a requirement of all civil rights actions. *See Polk County. v. Dodson*, 454 U.S. 312, 315 (1981).

In addition, the address for Brace and Limb is not stated in the petition. Presumably, however, "a substantial part of the events or omissions giving rise to the claim" occurred in the judicial district in which Mr. Burton is incarcerated. *See* 28 U.S.C. § 1391(b). Therefore, it was not properly brought in this court.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a).

Dated: July 22, 2015

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . ." 42 U.S.C. § 1983.